The judgment and order appealed from should be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment and order affirmed, with costs.

---

In the Matter of the Estate of THEODORE SCHEIDELER, Deceased.

*Decree directing the payment of a legacy with interest — when justified.*

The administrator of an estate failed to apply for an accounting until compelled to do so nearly six years after the probate of the decedent's will. Thereupon such administrator filed a bill in the Supreme Court for the alleged purpose of obtaining a construction of the will, the evident object of which proceeding was to secure additional delay.

*Held,* that under such circumstances a surrogate was justified in directing the payment by such administrator, to a legatee of the decedent, of a bequest, with interest.

APPEAL by Charles Scheideler, as administrator, etc., of Theodore Scheideler, deceased, from a decree of the surrogate of the county of New York, entered in the office of the clerk of the New York Surrogate's Court on the 13th day of October, 1893, directing the payment of the amount of a bequest, with interest, to a legatee of the decedent.

The order appealed from provided as follows: " Ordered, the said motion for reargument having been granted, and the matter having been heard on the merits, that Charles Scheideler, administrator with the will annexed of Theodore Scheideler, deceased, pay to the St. Joseph's Orphan Asylum in the city of New York, or to Henry Schmitt, Esq., its attorney, the sum of $500, with interest from the 23d day of November, 1887."

*John Branden,* for the appellant.

*Henry Schmitt,* for the respondent.

PER CURIAM:

It appears that this will was admitted to probate on November 30, 1886, and that the administrator failed to account until com-

pelled to do so by order of the surrogate dated November 11, 1892. Upon such accounting, the administrator, if he had desired a construction of the will, could have had the proper parties brought in and the will construed, and there was no necessity for the filing of a bill in the Supreme Court for that purpose; the evident object of which, in view of his delay and failure to serve the necessary parties, was to secure additional delay. Under these circumstances, we think that the surrogate was entirely justified in directing payment of the legacy, notwithstanding the pendency of the action for the construction of the will, particularly as it appeared that the plaintiff had not taken any steps even to serve most of the defendants in the action.

The order appealed from should be affirmed, with costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order affirmed, with costs and disbursements.